IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD HARRIS                           :
                                        :
    v.                                  :      Civil No. CCB-13-2839
                                        :
KEYSTONE INSURANCE                      :
COMPANY                                 :

## MEMORANDUM

Plaintiff Ronald Harris brings this suit against defendant Keystone Insurance Company ("Keystone"), claiming that Keystone "has engaged in a pattern of bad faith dealings" and has breached the insurance policy. (Compl., ECF No. 2, at ¶¶ 9, 17.) Now pending before the court are (a) Keystone's motion to dismiss Harris's "bad faith" tort claims and (b) Harris's motion to disqualify counsel for Keystone. The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2011). For the reasons stated below, the motion to dismiss Harris's bad faith tort claims will be granted, and the motion to disqualify counsel for Keystone will be denied.

## BACKGROUND

This lawsuit arises out of Keystone's denial of Harris's insurance claim for the alleged theft of his vehicle. Harris purchased his vehicle on July 29, 2010. (Compl. at ¶ 3.) He subsequently purchased Keystone insurance, effective August 4, 2012. (*Id.* at ¶ 4.) On September 28, 2012, however, the vehicle was stolen from Harris's home. (*Id.* at ¶ 5.) Harris claims that he reported the vehicle stolen to the Baltimore County Police Department, but when the vehicle was located, the Baltimore City Police Department had it "burned and sold at auction" without his consent. (*Id.* at ¶¶ 6–7.)

Harris filed a timely claim with Keystone for the loss of his vehicle, but maintains that

1

Keystone "requir[ed] him to submit to unreasonable[,] onerous and frivolous demands for document production . . . ." (*Id.* at ¶¶ 8–9.) According to Harris, he also had to submit to a deposition. (*Id.* at ¶ 10; *see also id.* at ¶ 18.) Harris additionally alleges that, following his claim with Keystone, he was summoned to the Baltimore City Police Department, and then accused of arson and "interrogated at length." (*Id.* at ¶ 11.)[1] Harris brought suit against Keystone in the Circuit Court for Baltimore County. Keystone removed the action to this court on the grounds of diversity of citizenship.

## ANALYSIS

### a. Motion to Dismiss Bad Faith Tort Claims

Keystone argues that Harris's bad faith claims must be dismissed for two reasons: (1) Maryland does not recognize a common law tort of bad faith based on an insurer's failure to pay an insurance claim; and (2) even if Harris asserts a claim for "lack of good faith" under § 27-1001 of the Insurance Article of the Maryland Code, this claim must be dismissed for failure to exhaust administrative remedies.[2] When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186,

---

[1] No charges, however, were filed against Harris. (*Id.* at ¶ 11.)
[2] Harris appears to concede that he did not intend to pursue a claim under § 27-1001. (*See* ECF No. 9 at 1 ("Count II specifically sounds in the tort of Bad Faith . . . ."); *see also* ECF No. 9-1 at 2.) Accordingly, the court need not decide whether Harris failed to exhaust administrative remedies.

192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Keystone correctly cites a number of cases for the proposition that, under Maryland law, an insured seeking the payment of first-party benefits cannot pursue a tort claim for bad faith based on an insurer's failure to pay a claim. *See, e.g.*, *Snyder v. Chester Cnty. Mut. Ins. Co.*, 264 F. Supp. 2d 332, 340 (D. Md. 2003); *McCauley v. Suls*, 123 Md. App. 179, 189, 716 A.2d 1129, 1134 (1998); *Johnson v. Fed. Kemper Ins. Co.*, 74 Md. App. 243, 247–48, 536 A.2d 1211, 1213 (1988). Instead, an insured claiming that an insurer has failed to pay first-party benefits may pursue contract remedies. *See Jones v. Hyatt Ins. Agency, Inc.*, 356 Md. 639, 655, 741 A.2d 1099, 1107–08 (1999) (stating that the duty owed by an insurer who "mistakenly denies coverage . . . to the insured" is "entirely contractual").

According to Harris, however, the bad faith tort claim is not for Keystone's failure to pay, but rather for its actions during the pendency of his insurance claim, including making

3

"unreasonable demands" for documentation, requiring him to submit to a deposition, threatening him, and attempting to have him "prosecuted by Police authorities." (*See* ECF No. 9-1 at 2.) To support his bad faith cause of action, Harris cites *Jones* for the notion that "a tort action may sound against an insurer." (*Id.*) But reliance on *Jones* is inapposite; that case involved the tort action of negligence in the context of an agent's failure to procure a requested insurance policy, not bad faith. *See* 356 Md. at 653–54, 741 A.2d at 1106.[3] Harris does not put forth any Maryland case recognizing a tort claim for bad faith based on an insurer's conduct in investigating a first-party claim. Indeed, *McCauley* suggests that Maryland does not recognize a tort cause of action based on an insurer's bad faith investigation of a first-party claim. *See* 123 Md. App. at 187–89, 716 A.2d at 1133–34 (refusing to recognize a bad faith tort cause of action against an insurer for "using court processes illegally by issuing *ex parte* subpoenas"); *see also Yuen v. Am. Republic Ins. Co.*, 786 F. Supp. 531, 533 (D. Md. 1992) (internal citation omitted) ("[I]t is well-settled that there is no first party bad faith claim maintainable against an insurer under Maryland law. The purpose of this rule is to confine actions between an insured and his . . . insurer to the realm of contract law, rather than letting such actions expand to tort proportions."). Thus, Keystone's motion to dismiss Harris's bad faith tort claims will be granted.

b. **Motion to Disqualify Counsel for Keystone**

Harris moves to disqualify Keystone's counsel based on Rule 3.7 of the Maryland Rules of Professional Conduct. Rule 3.7 provides that, subject to a few limited exceptions, "[a] lawyer

---

[3] The court in *Jones* indicated that such a negligence action is only appropriate when the plaintiff "establish[es] that the defendant was under a duty to protect the plaintiff from injury." 356 Md. at 653, 741 A.2d at 1106 (citation and internal quotation marks omitted). A contractual obligation is not synonymous with a tort duty; rather, there must be "some independent basis" for the tort duty. *See id.* at 654, 741 A.2d at 1107. Here, Harris has not pointed to any independent basis for a tort duty on behalf of Keystone. His complaint instead alleges that Keystone failed to perform according to the policy. (*See* Compl. at ¶ 20.)

4

shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Disqualification is a drastic measure, as it deprives a litigant of her right to choose her own counsel. *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004) (citations omitted). The court must be mindful of the possibility that a disqualification motion may be abused for tactical purposes. *See Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992) (citation omitted). Accordingly, in a motion to disqualify opposing counsel, the movant must satisfy a high standard of proof that disqualification is warranted. *See Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995); *see also Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990). Only where a lawyer has a conflict that clearly calls into question "the fair and efficient administration of justice" will the court grant a motion to disqualify. *See Gross*, 307 F. Supp. 2d at 723 (citations and internal quotation marks omitted).

Here, Harris argues that defense counsel were "intricately involved with Keystone's investigation and handling" of his insurance claim and, thus, are "likely witnesses in this case." (ECF No. 8 at 1.) Having decided that Harris cannot pursue a bad faith tort cause of action, the court determines that he cannot base a motion to disqualify counsel on that claim. There is no basis, at this time, to conclude that Keystone's counsel may be witnesses for Harris's sole remaining breach of contract claim: The only two parties to the insurance policy are Harris and Keystone. Finally, the court notes that, to the extent that Harris suggests Rule 3.7 requires the automatic disqualification of an entire law firm when one of the firm's lawyers is a likely trial witness, that argument must be rejected. Rule 3.7(b) of the Maryland Rules of Professional Conduct states that, subject to certain exceptions, "[a] lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness . . . ." Thus, even if one of Keystone's lawyers was a likely witness at trial, this would not necessarily mean the

entire law firm must be disqualified. Harris's motion to disqualify counsel for Keystone will be denied.

## CONCLUSION

For the reasons stated above, the motion to dismiss the bad faith tort claims will be granted, and the motion to disqualify Keystone's counsel will be denied. A separate order follows.

<u>November 26, 2013</u>            <u>    /s/     </u>
Date                                                  Catherine C. Blake
                                                           United States District Judge